UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRITZ WUTHRICH, | No. C-14-0871 EMC |
| Appellant, | **ORDER DENYING APPELLEE'S MOTION TO DISMISS FOR LACK OF PROSECUTION** |
| v. | |
| AMER SPORTS WINTER & OUTDOOR COMPANY, | (Docket No. 7) |
| Appellee. | |

    On November 25, 2014, Appellee Amer Sports Winter & Outdoor Company ("Amer Sports") filed a motion to dismiss for lack of prosecution. Docket No. 7. The motion revealed that Appellant Fritz Wuthrich had failed to file an opening brief by June 17, 2014 as required by this Court's "Notice of Briefing." Docket No. 4. This Court issued an order to show cause why this case should not be dismissed for lack of prosecution on January 6, 2015. Docket No. 9. For the following reasons, Appellee's motion to dismiss is **DENIED**.

    On January 14, 2015, Appellant's attorney, Ms. Ruth Elin Auerbach, filed a response to the order to show cause. In this response, she explained her failed to prosecute this action. First, she argued that she "has not received the electronic filing notices from the Court on this case," including the "Notice of Briefing." Docket No. 10, at 1. Second, perhaps to explain why she did not (on her own initiative) check the status of this case at any time over the past 11 months, she stated that she had an "extraordinarily large case load the past six months and therefore, through [her] inadvertence, this file slipped through the cracks." *Id.* at 3.

In deciding whether to dismiss a case for lack of prosecution, a court should consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. *See Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). While a close question, the Court finds that the balance of these factors weigh against granting Amer Sport's motion to dismiss.

Here, the first two factors weigh in favor of dismissing this action. The public's interest in expeditious resolution of litigation is not advanced by permitting a party to file an appeal and then sit back for 11 months, miss two court ordered deadlines, and do absolutely nothing to prosecute the case. However, the Court finds that the public policy favoring disposition of cases on the merits weighs strongly against dismissal on the facts of this case. To dismiss the case for lack of prosecution on this facts would be to deprive Mr. Wuthrich of his ability to have a court review the Bankruptcy Court's judgment in this case solely because of the unacceptable inadvertence of his attorney. Unlike traditional litigation, prosecution of this appeal does not require much, if any, direct involvement by Mr. Wuthrich. As such, it is not even apparent that Mr. Wuthrich is aware his attorney has failed to prosecute this case. Ms. Auerbach has indicated that she can have an opening brief filed within 10 days. Accordingly, it is apparent that this case can still be brought to a resolution on the merits, and the Court finds in these circumstances that it is appropriate to do so.

Further, while the Court finds that Amer Sports has been prejudiced to a degree by Ms. Auerbach's failure, the Court finds this prejudice does not warrant dismissal. Because this is an appeal from the Bankruptcy Court, the parties are limited to the factual record on appeal and arguments that had been raised before the court below. As a result, this is not a case where Ms. Auerbach's inadvertence has jeopardized Amer Sports' ability to preserve evidence or witness testimony.

Finally, the Court must consider the availability of alternative, less drastic sanctions. The Court believes that a sanction targeted at Ms. Auerbach – as opposed to one that will affect her client – is more appropriate. Ms. Auerbach's reasons for why she has failed to prosecute this case are unacceptable. Regardless of whether or not an attorney receives electronic notices from the

Court, a reasonable attorney would know that, having filed an appeal before a federal court, a periodic check of the docket to make sure there were no developments is required. Further, an "extraordinarily large case load" is no excuse, certainly not for having a case "slip through the cracks." Here, Ms. Auerbach's inadvertence came perilously close to causing the dismissal of her client's action. Given the seriousness of Ms. Auerbach's oversight, the Court finds that a proper, less drastic sanction in this matter is to refer Ms. Auerbach to this District's Standing Committee on Professional Conduct for any investigation or disciplinary action it deems appropriate. N.D. Civ. L.R. 11-6(a)(1).[1]

Accordingly, Amer Sports' motion to dismiss is **DENIED**. Appellant shall file the opening brief in this matter no later than **Friday, January 23, 2015** at **5:00 p.m.** Further, Ms. Auerbach shall personally serve a copy of this order on her client by that date.

This order disposes of Docket No. 7.

IT IS SO ORDERED.

Dated: January 16, 2015

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court notes that this is not the first time Ms. Auerbach has experienced problems in properly prosecuting a claim in this District. In *Entertainment by J&J, Inc. v. Lee*, 126 F. App'x 797 (9th Cir. 2005), the Ninth Circuit affirmed a sanctions award imposed against Ms. Auerbach by Judge Thelton Henderson of this District. The Ninth Circuit stated:

> The district court did not abuse its discretion in awarding sanctions in this case. It specifically found that Auerbach acted recklessly by not fully investigating her claim, especially after information discrediting her primary witness was brought to light. Furthermore, the district court determined that Auerbach's true motive was to exact a nuisance settlement from Lee, evidenced by Auerbach's statements about possessing incriminating photographs that later "disappeared" from the file.

*Id.* at 798.